```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
```
**FRANKFORT**

| | |
|---|---|
| ROBERT H. JONES, ) | |
| ) | |
|     Plaintiff, ) | |
| ) Civil Action No. 3:05-CV-62-JMH | |
| v. ) | |
| ) | |
| SMITH-MCKENNEY CO., INC., ) | |
| ) **MEMORANDUM OPINION AND ORDER** | |
|     Defendant. ) | |
| ) | |

                    **    **    **    **    **

Before the Court are Plaintiff's motion for summary judgment [Record No. 4] and Defendant's cross-motion for summary judgment [Record No. 7]. After having fully considered the same, the Court grants judgment for the defendant.

## Background

Plaintiff, Robert H. Jones ("Jones or Plaintiff"), pro se, filed the present action against his former employer, Smith-McKenney Co., Inc. ("Smith-McKenney or Defendant"). Defendant operates two pharmacies, one in Shelbyville, Kentucky, and one in Simpsonville, Kentucky. Plaintiff was hired in October of 2003, at age seventy-one, as a part-time, twenty hour a week pharmacist for the Simpsonville location. Defendant employed a full-time pharmacist at the Simpsonville location, Ronald McClish ("McClish"), who acted as Plaintiff's supervisor.

Defendant submitted an affidavit of the President and majority owner of Smith-McKenney, Samuel G. Hayse ("Hayse"). Hayse's

affidavit alleges that Plaintiff was terminated in September of 2004 for two reasons. The first alleged reason was Plaintiff's inability to get along with McClish and the second was the company's financial inability to maintain Plaintiff's part-time position due to slow business at that location. (Def.'s Mem. in Supp. of Summ. J., Hayse Aff. 2.) Hayse asserts that McClish is the only pharmacist employed at the Simpsonville location and that no one was hired to fill Plaintiff's position. The affidavit states that Richard Manual, a full-time pharmacist employed by Smith-McKenney since February of 2004, works at the Simpsonville location nine hours one day a week, in order to fill-in for McClish on the day he does not work.

Plaintiff, on the other hand, alleges that he was terminated because of his age and replaced by a younger worker.[1] In support of Plaintiff's motion for summary judgment, Plaintiff introduced a right to sue letter, issued by the Equal Employment Opportunity Commission ("EEOC"), finding no violation of Title VII, ADEA, the

---

[1] This is the third lawsuit Plaintiff has filed against Defendant in this Court. The first suit, *Jones v. Smith-McKenney Co., Inc.*, 3:04-CV-80-JMH, was dismissed sua sponte for several reasons. The age discrimination claim in particular was dismissed without prejudice for failure to file a right-to-sue letter. The second suit, *Jones v. Smtih-McKenney Co., Inc.*, 3:05-CV-17-JMH, was also dismissed sua sponte. In that case, Plaintiff did not allege an age discrimination claim, but did allege a Title VII retaliation claim and a False Claims Act ("FCA") claim. The Title VII claim was dismissed without prejudice for failure to obtain a right-to-sue letter. The FCA claim was dismissed with prejudice for failure to state a claim.

2

Americans with Disabilities Act ("ADA"), or the Equal Pay Act ("EPA"). Plaintiff submitted a pharmacist identification card, a North Carolina deed that states Plaintiff was born on September 22, 1932, and a letter dated September 22, 2004, that is signed by Hayse and states that Plaintiff "was terminated for business reasons only[;] there was absolutely no professional misconduct." (Pl.'s Compl. 8.)

In response to Defendant's motion for summary judgment, Plaintiff lodged several additional allegations relating to age, including that employees of Defendant made remarks to Plaintiff involving his age, that he was discharged due to being slow because of his age, and that he did not receive the same salary or benefits that younger pharmacists received.[2] The only evidence in support

---

[2] To the extent these allegations are attempts at asserting new claims without amending the complaint, said attempts are denied. See Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) ("Principles requiring generous construction of pro se complaints are not, however, without limits. . . . It does not require those courts to conjure up questions never squarely presented to them. District judges are not mind readers. Even in the case of pro se litigants, they cannot be expected to construct full blown claims from sentence fragments.").

Plaintiff's response also lodges additional allegations that do not relate to age, including allegations that Defendant hires incompetent people so that Defendant can save money, that Defendant's current and former pharmacists are incompetent, and that Defendant did not follow proper pharmacy procedures. Plaintiff's response also asserts for the first time that he may have been terminated because he filed a complaint with the Kentucky Board of Pharmacy. All of these allegations are completely irrelevant to Plaintiff's age discrimination claim and, thus, are disregarded. To the extent Plaintiff's response to Defendant's motion for summary judgment is attempting to raise these new

3

of these allegations is Plaintiff's response that is also styled as an affidavit.

### Standard of Review

A grant of summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

The moving party bears the initial burden to show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrell*, 477 U.S. 317, 323 (1986). This burden is met simply by showing the Court that there is an absence of evidence on a material fact on which the nonmoving party has the ultimate burden of proof at trial. *Id.* at 325. The burden then shifts to the nonmoving party to "come forward with some probative evidence to support its claim." *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). A material fact is one that may affect the outcome of the issue at trial, as determined by substantive law. A genuine dispute exists on a material fact and, thus, summary judgment is improper, if the evidence shows "that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986); *Summers v. Leis*, 368 F.3d 881, 885 (6th Cir. 2004).

---

claims, said attempts are denied.

The judge's function is not to weigh the evidence, but to decide whether there are genuine issues for trial. *Anderson*, 477 U.S. at 249; *Multimedia 2000, Inc. v. Attard*, 374 F.3d 377, 380 (6th Cir. 2004). The evidence should be construed in the light most favorable to the nonmoving party when deciding whether there is enough evidence to overcome summary judgment. *Anderson*, 477 U.S. at 255; *Summers*, 368 F.3d at 885. In the case at hand, both parties moved for summary judgment. When the Court evaluates cross-motions for summary judgment, the Court must analyze each motion and construe facts and inferences in the light most favorable to the nonmoving party. *Lansing Dairy, Inc.,* 39 F.3d at 1347.

## Analysis

Plaintiff's complaint asserts an age discrimination claim brought pursuant to the Age Discrimination in Employment Act ("ADEA").[3] The ADEA makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623 (a)(1).

---

[3] Plaintiff's complaint also asserts a Title VII claim for age discrimination. Title VII, however, only applies to discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2 (a)(1). As Plaintiff has not asserted that he was discharged pursuant to any of the enumerated grounds, Plaintiff's Title VII claim is dismissed.

Plaintiff may prove an age discrimination claim with either direct or circumstantial evidence of discrimination. *Minadeo v. ICI Paints*, 398 F.3d 751, 763 (6th Cir. 2005). "Direct evidence is evidence that proves the existence of a fact without requiring any inferences." *Rowan v. Lockheed Martin Energy Sys.*, 360 F.3d 544, 548 (6th Cir. 2004). If the plaintiff produces direct evidence of discrimination, then the employer must "prove by a preponderance of the evidence that it would have made the same decision absent the impermissible motive." *Minadeo*, 398 F.3d at 763 (internal quotation marks omitted).

In the absence of direct evidence of age discrimination, Plaintiff can present circumstantial evidence that permits an inference of discrimination. Courts utilize the *McDonnell-Douglas* burden-shifting method when analyzing discrimination claims that involve circumstantial evidence. *Rowan*, 360 F.3d at 547. Under this approach, it is the plaintiff's burden to establish by a preponderance of the evidence a prima facie case of age discrimination. In order to establish a prima facie case, the plaintiff must prove that:

> (1) he was at least 40 years old at the time of the alleged discrimination; (2) he was subjected to an adverse employment action; (3) he was otherwise qualified for the position; and (4) after he was rejected, a substantially younger applicant was selected.

*Coomer v. Bethesda Hosp.*, 370 F.3d 499, 511 (6th Cir. 2004).

Defendant argues that this case is a "reduction in force" case

6

because Plaintiff's position was eliminated. In reduction in force cases, in lieu of the fourth prong, the plaintiff has to bring forth "'additional direct, circumstantial, or statistical evidence tending to indicate that the employer singled out [the plaintiff] for discharge for impermissible reasons.'" *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 371 (6th Cir. 1999) (quoting *Scott v. Goodyear Tire & Rubber Co.*, 160 F.3d 1121, 1126 (6th Cir. 1998)). The plaintiff has to show that because of his age, the defendant "impermissibly singled [him] out for discharge." *Gragg v. Somerset Technical Coll.*, 373 F.3d 763, 768 (6th Cir. 2004) (analyzing Kentucky age discrimination claim pursuant to federal law).

If a prima facie case is established, the burden shifts to the defendant to show that there was a legitimate non-discriminatory reason for the adverse employment action. *Coomer,* 370 F.3d at 511. Once the defendant establishes a legitimate reason, the burden shifts to the plaintiff to prove that the reason offered by the defendant is pre-textual. *Id.* Plaintiff must show "either (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate his discharge, or (3) that they were insufficient to motivate discharge." *Id.* (internal quotations omitted).

In the case at hand, Plaintiff alleges that he was discharged because of his age and replaced by a younger worker. Plaintiff did not submit any direct evidence of age discrimination, so the

7

*McDonnell-Douglas* framework will apply. Defendant argues that 1) this is a reduction in force case and Plaintiff has not brought forth additional direct or circumstantial evidence that Plaintiff was singled out for termination because of his age; and 2) Plaintiff has not shown any evidence that Defendant's legitimate, non-discriminatory reasons for terminating Plaintiff were pre-textual. Assuming without deciding that Plaintiff has met his burden in proving a prima facie case, the Court agrees with Defendant that Plaintiff has not set forth sufficient evidence that Defendant's legitimate reasons for terminating Plaintiff were pre-textual.

Defendant submitted Hayse's affidavit that states that Plaintiff was terminated because of Plaintiff's inability to get along with McClish and due to the decreased need for a part-time pharmacist at the Simpsonville location because of less than projected sales. Both of Defendant's reasons are legitimate, non-discriminatory reasons for terminating Plaintiff.

In response, Plaintiff did not submit any evidence that Defendant's proffered reasons 1) have no basis in fact, 2) did not actually motivate the discharge, or 3) were insufficient to motivate the discharge. *Id.* The only evidence that could arguably be used in support of Plaintiff's argument that Defendant's reasons for termination are pre-textual is the statement by Hayse. However, the statement signed by Hayse does not provide evidence of

8

pretext. In fact, it supports Defendant's argument that Hayse had legitimate, non-discriminatory reasons for firing Plaintiff because the statement says, "This is to certify that Robert H. Jones['s] employment with Smith-McKenney Simpsonville was terminated for business reasons only, there was absolutely no professional misconduct." (Pl.'s Compl. 9.)

Plaintiff's response/affidavit to Defendant's motion for summary judgment also does not provide evidence of pretext. The response/affidavit alleges that he did not receive the same salary or benefits that younger pharmacists received and that Defendant's employees made remarks to Plaintiff involving his age. In responding to a motion for summary judgment, Plaintiff must not rest on his pleadings, but must set forth *specific* facts in opposition. Fed. R. Civ. P. 56(e). Although Plaintiff's response and his other pleadings are in the form of affidavits, Plaintiff has not set forth *specific* facts that show there is an issue for trial as to whether Defendant's legitimate reasons are pre-textual.

For instance, Plaintiff's response states that he did not receive as many benefits and that his salary was less than younger employees. Plaintiff does not attach any evidence of what he was paid or the benefits he received, much less evidence of how much other employees were paid or compensated.

Plaintiff's response also states that he suffered from harassment and snide remarks by "Smith-McKenney," including the

9

comment "Grandma was slow but she was old." When analyzing the effect of comments allegedly related to age, the Court looks at "the declarant's position in the corporate hierarchy, the purpose and content of the statement, and the challenged employment action." *Ercegovich v. Goodyear Tire & Rubber Co.*, 154 F.3d 344, 357 (6th Cir. 1998). Plaintiff does not provide information on 1) who made the statement, 2) whether the statement was directed at Plaintiff, 3) when the statement was made, or 4) the context during which the statement was made. Further, the statement is ambiguous as to whether it relates to age. *Phelps v. Yale Sec., Inc.*, 986 F.2d 1020, 1025 (6th Cir. 1993) ("isolated and ambiguous comments 'are too abstract, in addition to being irrelevant and prejudicial, to support a finding of age discrimination'").

The remaining statements were allegedly made by McClish, and "Marilyn", a part-owner and pharmacy tech. The comments attributed to these employees are also not sufficiently tied to age to show evidence of pretext. For instance, McClish allegedly stated, "We are going to have to replace you if you cann't [sic] turn off the alarm within 15 seconds." (Pl.'s Resp. to Def.'s Mot. for Summ. J. 9.) Plaintiff alleges that Marilyn stated, "We have built our business on getting the prescriptions out, not keeping the people wait [sic] waiting." (*Id.*) Construed in the light most favorable to Plaintiff, these statements are ambiguous as to whether they refer to age, as opposed to problems with speed. Additionally,

10

Plaintiff did not provide the Court with any information concerning 1) when the comments were made, or 2) the context surrounding the statements. Thus, the statements are not sufficient evidence of pretext.

Therefore, because Plaintiff has not set forth specific facts rebutting Defendant's evidence showing Plaintiff was terminated for legitimate, non-discriminatory reasons, the Court finds that summary judgment for Defendant is appropriate. Plaintiff has simply failed "to produce evidence from which a jury could reasonably conclude that [Defendant]'s reasons were pre-textual." *Coomer*, 370 F.3d at 511.

### Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Defendant's motion for summary judgment [Record No. 4] be, and the same hereby is, **GRANTED**.

(2) That Plaintiff's motion for summary judgment [Record No. 7] be, and the same hereby is, **DENIED**.

This the 31st day of January, 2006.



Signed By:
*Joseph M. Hood*
United States District Judge

11