UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**FRANKFORT**

| | |
|---|---|
| ROBERT H. JONES, | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 3:05-CV-62-JMH |
| v. | ) |
| SMITH-MCKENNEY CO., INC., | ) |
| | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

\*\*   \*\*   \*\*   \*\*   \*\*

Before the Court is Defendant Smith-McKenney Co., Inc.'s ("Defendant or Smith-McKenney") motion for fees [Record No. 41]. Plaintiff Robert H. Jones ("Plaintiff or Jones") filed four responses [Record No. 43, 45, 50, & 51][1] and Defendant replied [Record No. 47]. The matter is now ripe for review.

### I.  Findings of Fact

On January 31, 2006, the Court denied Plaintiff's motion for summary judgment, granted Defendant's motion for summary judgment, and dismissed Plaintiff's complaint. Defendant then moved the Court for fees incurred in defending the suit in the amount of

---

[1] With one exception, the Court ignores Plaintiff's excess responses because Plaintiff did not seek leave of Court to file excess responses and the same are not envisioned by the Local Rules. *See* LR 7.1. The exception is for the portion of the third response, Record No. 50, that apprises the Court that Defendant's Exhibit 1 to Record No. 48 contains sensitive information, which the Court considers and orders the Clerk to redact.

To the extent Record No. 51 is a reply to Defendant's response to Plaintiff's motion for a stay, said reply is belated.

$15,010.00. Defendant attached affidavits in support of the motion that specify the hourly rate and the hours worked.

Plaintiff's pro se complaint in this Court is one of five against Smith-McKenney, its employees, or its attorneys. Three of the five complaints were filed in this Court. The actions stem from Plaintiff's termination as a part-time pharmacist with Defendant at Defendant's Simpsonville, Kentucky location. Smith-McKenney's main pharmacy is in Shelbyville, Kentucky. Plaintiff's first action was against Smith-McKenney, Samuel G. Hayse ("Hayse"), the President and majority owner of Smith-McKenney, Marilyn Fister ("Fister"), the co-owner of Smith-McKenney, and Ronald McClish ("McClish"), Plaintiff's former supervisor. The complaint alleged various unsafe workplace claims under the Occupational Safety and Health Act ("OSHA"), age discrimination and Title VII claims, fraudulent insurance practices claims, Health Insurance Portability and Accountability Act ("HIPAA") violations, and False Claim Act ("FCA") claims. The action was dismissed by this Court sua sponte. Several of the claims were dismissed with prejudice, but specifically relevant to this action, the Title VII and age discrimination claims were dismissed *without* prejudice for Plaintiff's failure to exhaust administrative remedies by not filing an Equal Employment Opportunity Commission ("EEOC") right to sue letter. *See Jones v. Smith-McKenney, Co., Inc., et al.*, No. 3:04-CV-80 (E.D. Ky. 2004).

The second action filed in this Court alleged FCA and whistle blower claims for reporting McClish's alleged violations of pharmacy regulations to the Kentucky Board of Pharmacy. The complaint was also broadly construed to include Title VII claims. The FCA claims were dismissed with prejudice and the Title VII claims were dismissed *without* prejudice for failure to file an EEOC right to sue letter. *See Jones v. Smith McKenney Co., Inc.*, No. 3:05-CV-17 (E.D. Ky. 2005).

The current action was the third action filed in this Court and was against only Smith-McKenney. The complaint alleged that Plaintiff was terminated and replaced by a younger pharmacist in violation of Title VII and was construed to include claims pursuant to the Age Discrimination in Employment Act ("ADEA"). The Court dismissed with prejudice the plaintiff's claims against Defendant, finding that 1) Title VII does not provide relief for age discrimination and, 2) that Plaintiff did not provide any competent evidence to rebut Smith-McKenney's legitimate, non-discriminatory reasons for terminating Plaintiff. Defendant submitted Hayse's affidavit stating that Plaintiff was terminated because of the company's inability to afford a part-time position at the Simpsonville location and Plaintiff's inability to get along with his supervisor, McClish.

Attached to Plaintiff's complaint was a right to sue letter from the EEOC, a pharmacist identification card, a North Carolina

deed stating Plaintiff's birth date, and a letter signed by Hayse that stated Plaintiff "was terminated for business reasons only[;] there was absolutely no professional misconduct." (Pl.'s Compl. 8.) In response to Defendant's motion for summary judgment, Plaintiff made several additional allegations about age discrimination, including that employees of Defendant made age-related remarks, that he was discharged because he was slow, and that he did not receive the same benefits that the younger pharmacists received. Assuming that a prima facie case was established, the Court found that Plaintiff had not submitted any competent evidence that Defendant's legitimate reasons for terminating Plaintiff were pre-textual. The Court found the exhibits attached to the complaint did not support a finding of pretext and that the new allegations were so vague that they did not constitute specific facts supporting the claim.

The remaining two actions were filed in Shelby Circuit Court. The first state court action was against McClish and alleged invasion of privacy, defamation, and emotional trauma. Injunctive relief was denied by the trial court and Plaintiff appealed this decision to the Kentucky Court of Appeals, where it remains pending. The final case was against Defendant's counsel and Hayse. This action alleged that defense counsel improperly filed a document in the Shelby Circuit Court and that the law firm and Hayse were liable for emotional trauma and defamation. This action

is still pending.

The above-mentioned actions are not the only actions filed by Plaintiff against a former employer. Plaintiff filed suit against Kroger, Inc., alleging various claims, including unsafe working conditions, criminal harassment, withholding of benefits, sexual harassment, and unlawful billing, among others. The case was removed to the Western District of Kentucky where the Hon. Judge Simpson dismissed the complaint with prejudice for Plaintiff's repeated failure to prosecute and comply with court orders. *Jones v. Kroger, et al.*, No. 3:04-CV-170-S (W.D. Ky. 2004).

In the instant case, Plaintiff filed various motions that were all denied by the Court. For instance, Plaintiff filed a motion for assistance that sought sanctions, an additional motion for sanctions, a motion to compel discovery, and four motions to reconsider the Court's stay of discovery.

## II.   Conclusions of Law[2]

**A.   Applicable Law**

Plaintiff brought age discrimination claims pursuant to Title VII and the ADEA. Defendant now moves for attorney's fees for services rendered for both claims. There is no dispute that defendant prevailed on both claims, as the Court granted summary

---

[2] Note that Defendant also mentions an award of costs, but did not include a bill of costs. Therefore, to the extent Defendant's motion seeks recovery of costs, the Court denies the same at this time. 28 U.S.C. § 1920.

5

judgment and dismissed the complaint in its entirety. Under the American Rule, however, "in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978). Title VII is one instance where Congress specifically provided that the prevailing party, including a defendant, may be awarded fees. 42 U.S.C. § 2000e-5(k).[3]

"'[W]hile prevailing plaintiffs are entitled to attorney's

---

[3] Title VII's fee provision provides, "In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e-5(k).

Defendant moves pursuant to § 1988 for fees for Plaintiff's Title VII claim. Section 1988 permits fees for actions brought pursuant to § 1983. This Circuit has held, "Title VII provides the exclusive remedy when the only § 1983 cause of action is based on a violation of Title VII." *Day v. Wayne County Bd. of Auditors*, 749 F.2d 1199, 1204 (6th Cir. 1984). Since Plaintiff did not bring any claims pursuant to § 1983 other than employment discrimination claims, § 1983 is not viable and, thus, Defendant may not seek fees under § 1988.

It is of no consequence that Defendant moved pursuant to the wrong statute, however, because the standards for both statutes are the same. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) ("The legislative history of § 1988 indicates that Congress intended that 'the standards for awarding fees be generally the same as under the fee provisions of the 1964 Civil Rights Act.'") (quoting S.Rep. No. 94-1011, p. 4 (1976), U.S. Code Cong. & Admin. News 1976, p. 5912); *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) ("In *Christiansburg*, the Supreme Court was discussing the attorney fee provision in Title VII, not § 1988. We have held, however, that 'Congress intended that the standards for awarding fees under section 1988 should be the same as those under Title VII and other acts allowing awards of attorney's fees.'" (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985)).

6

fees under [Title VII] in all but special circumstances, prevailing defendants are entitled to attorney's fees much less frequently.'" *Wolfe v. Perry*, 412 F.3d 707, 720 (6th Cir. 2005) (quoting *Smith v. Smythe-Cramer Co.*, 754 F.2d 180, 182 (6th Cir. 1985)). The Supreme Court in *Christiansburg* delineated the standard for awarding defendants fees under the Title VII fee provision. A court in its discretion may award fees to a prevailing defendant if the court finds that "the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. *Christiansburg* noted that a defendant may recover fees when a suit was not "frivolous, unreasonable, or groundless" at the outset, but "the plaintiff continued to litigate after it clearly became so." *Id.* at 422.

In making the determination of whether a prevailing defendant should be awarded fees, the Supreme Court cautioned courts "to resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." *Id.* at 421-22. Generally, fees are awarded to defendants in only the most egregious of circumstances. *Dubuc v. Green Oak Twp.*, 312 F.3d 736, 754 (6th Cir. 2002).

Jones's remaining age discrimination claim was brought pursuant to the ADEA. The ADEA incorporates the remedial provisions of the Fair Labor Standards Act ("FLSA"), including the

7

attorney's fee provision that only provides a mechanism to recover fees for prevailing *plaintiffs*. 29 U.S.C. § 626(b); *Id.* § 216(b).[4] The "bad faith exception" to the American Rule, however, provides that a prevailing defendant may be awarded fees if the plaintiff brought the action in bad faith. *Christiansburg*, 434 U.S. at 419; *Morgan v. Union Metal Mfg.*, 757 F.2d 792, 796 (6th Cir. 1985) (affirming award of fees to the defendant employer because the plaintiff maintained age disability discrimination claims after rejecting a reasonable settlement offer); *Cesaro v. Thompson Publ'g Group*, 20 F. Supp. 2d 725, 727 (D.N.J. 1998) ("In the absence of an express provision in the ADEA or FLSA which permits an award of attorney's fees to a prevailing party, the 'American Rule' applies and the defendant must show bad faith on the plaintiff's part in order for a district court to award attorney's fees to a prevailing defendant.").

The exception stems from the Court's "inherent authority to award fees when a party litigates 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 313 (6th Cir. 1997) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247

---

[4] The FLSA attorney's fee provision incorporated into the ADEA provides, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b), *found unconstitutional* as it pertains to state employees suing a state in state court in *Alden v. Maine*, 527 U.S. 706, 712 (1999).

8

(1975)). "Under this bad faith exception, it must be established that the attorney was guilty of conduct, by instituting or in maintaining an action, motivated by subjective bad faith." *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1375 (6th Cir. 1987). Bad faith is found where "the claims advanced were meritless, that counsel knew or should have known this, and that the motive for filing the suit was for an improper purpose such as harassment." *Id*. "[T]he bad faith exception requires that the district court make actual findings of fact that demonstrate that the claims were meritless, that counsel knew or should have known that the claims were meritless, and that the claims were pursued for an improper purpose." *Big Yank Corp.*, 125 F.3d at 314.

The Court could not find and Defendant did not cite a published Sixth Circuit case on the effect that a plaintiff's pro se status has on the determination of whether to award fees to the prevailing defendant in a civil rights action. The Supreme Court, in *Hughes v. Rowe*, 449 U.S. 5 (1980), held that when deciding whether to award a defendant fees in a § 1983 action brought by a pro se prisoner, the *Christiansburg* limitations "apply with special force . . . . Faithful adherence to the principles of *Haines v. Kerner* dictates that attorney's fees should rarely be awarded against such plaintiffs."[5] *Id.* at 15. The Court further held, "An

---

[5] *Haines v. Kerner* held that a pro se complaint is held to a less stringent standard than those drafted by attorneys. 404 U.S. 519, 520-21 (1972).

9

unrepresented litigant should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Id.* at 15. An unpublished Sixth Circuit case held that a "pro se plaintiff cannot be presumed to have the same ability as a plaintiff represented by counsel to recognize the merit, or lack of merit, of a claim." *Duncan v. Village of Middlefield*, No. 93-3818, 1994 WL 269578, at *4 (6th Cir. June 17, 1994). Plaintiff's pro se status, however, does not shield Plaintiff from being awarded fees if the suit was brought in bad faith. *See e.g. Sisemore v. United States*, No. 85-5887, 1986 WL 16349, at *2 (6th Cir. Jan. 31, 1986) (award of fees to prevailing defendant affirmed in tax action brought by pro se plaintiff in bad faith).

Other circuits have held lower courts must take into account a plaintiff's pro se status when determining whether to award fees to the prevailing defendant in a Title VII and ADEA suits. *Chester v. St. Louis Hous. Auth.*, 873 F.2d 207, 209 (8th Cir. 1989) (reversed award of fees to prevailing defendant in a Title VII action brought by a pro se plaintiff because the lower court did not take into account the plaintiff's pro se status); *Miller v. L.A. County Bd. of Ed.*, 827 F.2d 617, 620 (9th Cir. 1987) (reversed award of fees to a defendant in a Title VII action brought by a pro se plaintiff where district court did not take into account the plaintiff's pro se status); *Whitson v. Marriott Hotel Servs., Inc.*, No. 4:00-CV-1528, 2002 WL 10500382, at *2 (E.D. Mo. May 1, 2002)

10

(Title VII and ADEA action brought by a pro se plaintiff where the trial court awarded fees to the prevailing defendant because the plaintiff had brought other frivolous suits); *Srivastava v. Trs. of Ind. Univ.*, No. 99-3272, 2000 WL 975172, at *2 (7th Cir. June 27, 2000) (affirmed award of fees to the prevailing defendant in a Title VII and ADEA case brought by a pro se plaintiff because the plaintiff prolonged litigation even after it was apparent that there was no cause of action for discrimination). The Court finds these cases instructive and, based on *Hughes*, finds that Plaintiff's pro se status must be taken into account when determining whether to award fees.

**B.   Analysis**

Defendant argues that fees should be awarded because this suit is part of a pattern of frivolous litigation that stems from Plaintiff's legal termination. Defendant also argues that this suit was filed in bad faith for the improper purpose of harassment. Defendant asserts that Plaintiff did not provide any support for his claims and clearly did not research the validity of the claims prior to filing the complaint. Plaintiff was never interested in supporting the claims, Defendant maintains, and instead threw "out allegations, accusations and belittling insults in an effort to harass and torment his former employers." (Def.'s Motion for Fees 8.) Defendant argues that this suit has made a heavy financial impact on the small pharmacy, even though the company was

11

successful in securing judgment against Plaintiff.

Taking into account Plaintiff's pro se status, the Court finds that fees are not warranted at this time because the suit was not frivolous or filed in bad faith. Although dismissed as without merit, the suit was not frivolous because the claims were not wholly without support. Plaintiff attempted to submit evidence of his age and qualifications, and submitted affidavits with alleged age-related comments. Plaintiff also submitted a statement from Hayse that Plaintiff was not fired for professional misconduct. While this evidence was not competent or sufficient to rebut Defendant's legitimate, non-discriminatory reasons for termination, it was an attempt to support the claims.

Defendant argues that the Title VII claim was frivolous because Title VII clearly does not provide a remedy for age discrimination claims. In the previous two suits filed in this Court, the Court dismissed the Title VII and ADEA claims without prejudice. The Court construed Plaintiff's complaint broadly to include these claims because the complaint mentioned "age discrimination" and "discrimination". Proceeding pro se, Plaintiff re-filed these claims after obtaining a right to sue letter, as instructed by the Court, and included a Title VII claim. Therefore, Plaintiff "should not be punished for his failure to recognize subtle factual or legal deficiencies in his claims." *Hughes,* 449 U.S. at 15.

12

The Court also finds that the suit was not filed in bad faith because there is no evidence "that [Plaintiff] knew or should have known that the claims were meritless, and that the claims were pursued for an improper purpose." *Big Yank Corp.*, 125 F.3d at 314.

For instance, the state court lawsuits do not warrant finding this action was filed in bad faith because those suits are still pending and have not been dismissed as frivolous. If they had, the Court would view this suit in a different light. *Whitson,* No. 4:00-CV-1528, 2002 WL 10500382, at *2. The dismissal of the *Kroger* case for failure to prosecute, while lending some support to finding a pattern of litigious behavior, is not dispositive of a finding of bad faith in this case, especially where Plaintiff provided some evidence, albeit not competent to rebut the legitimate reasons offered by Defendant for the termination, to support his claims. Finally, Plaintiff's harsh tone and persistent filing of motions are more indicative of Plaintiff's pro se status than a finding that Plaintiff's claims were pursued with an improper purpose.

Defendant cites *Morgan v. Union Metal Mfg.*, 757 F.2d 792 (6th Cir. 1985), to support a finding of bad faith. In *Morgan*, the Sixth Circuit affirmed the lower court's award of fees to the defendant because, among other things, the plaintiff failed to attend meetings, file pretrial briefs, and turned down a reasonable settlement offer that the plaintiff's counsel acknowledged was more

13

than a jury would award. *Id*. at 796. In *Steinburg v. St. Regis/Sheraton Hotel*, 583 F. Supp. 421 (S.D.N.Y. 1984), also cited by Defendant, the court awarded fees to the defendant because there was no legal or factual basis for the claims that went to trial. *Id*. at 425. In the instant case, Plaintiff submitted some evidence to support his claim, did not miss any scheduled meetings, and there was no evidence of a settlement offer.

At the present time, taking into account the fact that Plaintiff proceeded pro se, the Court can not find that the suit was frivolous or filed in bad faith because it was supported by some, albeit insufficient, evidence. Any further action by Plaintiff, however, would not be looked at in the same way.

### III.  Conclusion

Accordingly, and for the foregoing reasons, **IT IS ORDERED**:

(1) That Defendant's motion for fees [Record No. 41] be, and the same hereby is, **DENIED.**

(2) That the Clerk shall redact Plaintiff's social security number from Exhibit 1, Record No. 48.

This the 28th day of April, 2006.

14



Signed By:

*Joseph M. Hood*

United States District Judge

15